ROBERT S. MEITUS (*Pro Hac Vice*)
  *rmeitus@mgrfirm.com*
**MEITUS GELBERT ROSE LLP**
47 S. Meridian St., Suite 400
Indianapolis, Indiana, 46204
Telephone: +1 (317) 464-5311
Facsimile: +1 (317) 464-5111

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff Woolfsongs Limited

A. JAMES BOYAJIAN (SBN 275180)
  *jboyajian@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017  USA
Telephone: +1 (213) 596-5620
Facsimile: +1 (213) 596-5621

Attorneys for Plaintiff Woolfsongs Limited

Edwin F. McPherson (SBN 106084)
  *emcpherson@mcphersonrane.com*
Tracy B. Rane (SBN 192959)
  *trane@mcphersonrane.com*
**McPHERSON RANE LLP**
1801 Century Park East
24th Floor
Los Angeles, CA 90067
Telephone: (310) 553-8833
Facsimile: (310) 553-9233

Eduardo Martorell (SBN 240027)
  *emartorell@BordinMartorell.com*
Bryan Swaim (SBN 289729)
  *bwwaim@BordinMartorell.com*
**BORDIN MARTORELL LLP**
Howard Hughes Center
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: +1 (323) 457-2110
Facsimile: +1 (323) 457-2120

Attorneys for Defendants,
Shady Records, Inc., Slaughterhouse,
LLC, Joe Budden, Ryan D.
Montgomery, Dominick Wickliffe, and
Joell Ortiz

Attorneys for Defendants,
Michael Williams and Dejon Howerton

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WOOLFSONGS LIMITED, | CASE NO. 2:15-cv-03049 TJH-JPRx |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| SLAUGHTERHOUSE, et al., | |
| Defendants. | |

## 1.     PURPOSE AND LIMITS OF THIS ORDER

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; L.R. 79-5 sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

## 2.     DEFINITIONS

2.1.   "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.   "CONFIDENTIAL" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), namely, recording agreements, publishing agreements, licensing agreements and any other private agreement, document or communication of the Parties not previously disclosed to the public.

2.3.   "Counsel" means Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.   "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosure or in responses to discovery as "CONFIDENTIAL".

2.5.    "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, but not limited to, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this action.

2.7.    "House Counsel" means attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.    "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10.   "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11.   "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.   "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.   "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1    2.14.  "Receiving Party" means a Party that receives Disclosure or Discovery

2    Material from a Producing Party.

3    **3.**    **SCOPE**

4    The protections conferred by this Stipulation and Order cover not only

5    Protected Material, but also (1) any information copied or extracted from Protected

6    Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

7    and (3) any testimony, conversations, or presentations by Parties or their Counsel

8    that might reveal Protected Material.  However, the protections conferred by this

9    Stipulation and Order do not cover the following information: (a) any information

10   that is in the public domain at the time of disclosure to a Receiving Party or

11   becomes part of the public domain after its disclosure to a Receiving Party as a

12   result of publication not involving a violation of this Order, including becoming part

13   of the public record through trial or otherwise; and (b) any information known to the

14   Receiving Party prior to the disclosure or obtained by the Receiving Party after the

15   disclosure from a source who obtained the information lawfully and under no

16   obligation of confidentiality to the Designating Party. Any use of Protected Material

17   at trial shall be governed by a separate agreement or order.

18   **4.**    **DURATION**

19   Even after final disposition of this litigation, the confidentiality obligations

20   imposed by this Order shall remain in effect until a Designating Party agrees

21   otherwise in writing or a court order otherwise directs. Final disposition shall be

22   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

23   or without prejudice; and (2) final judgment herein after the completion and

24   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

25   including the time limits for filing any motions or applications for extension of time

26   pursuant to applicable law.

27   / / /

28   / / /

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2.    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (*see, e.g.*, Section 5.2.1 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

5.2.1. <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

1  legend to each page that contains Protected Material. If only a portion or portions of
2  the material on a page qualifies for protection, the Producing Party also must clearly
3  identify the protected portion(s) (*e.g.*, by making appropriate markings in the
4  margins).

5      5.2.2. <u>for testimony given in deposition or in other discovery</u>
6  <u>proceedings</u>, that the Designating Party identify on the record all protected
7  testimony and the level of protection being asserted.  The Designating Party may
8  make that designation during the deposition or proceeding, or may invoke, on the
9  record or by written notice to all parties on or before the next business day, a right to
10  have up to 21 days from the deposition or proceeding to make its designation.

11      5.2.3. <u>for information produced in some form other than documentary</u>
12  <u>and for any other tangible items</u>, that the Producing Party affix in a prominent place
13  on the exterior of the container or containers in which the information or item is
14  stored the legend "CONFIDENTIAL." If only a portion or portions of the
15  information or item warrant protection, the Producing Party, to the extent
16  practicable, shall identify the protected portion(s).

17      5.2.4. Parties shall give advance notice if they expect a deposition or
18  other proceeding to include Protected Material so that the other Parties can ensure
19  that only authorized individuals are present at those proceedings when such material
20  is disclosed or used.  The use of a document as an exhibit at a deposition shall not in
21  any way affect its designation.  Transcripts containing Protected Material shall have
22  a legend on the title page noting the presence of Protected Material.

23      5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
24  failure to designate qualified information or items does not, standing alone, waive
25  the Designating Party's right to secure protection under this Order for such material.
26  Upon timely correction of a designation, the Receiving Party must make reasonable
27  efforts to assure that the material is treated in accordance with the provisions of this
28  Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.2.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

7.2.2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.3. Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.4. the Court and its personnel;

7.2.5. outside court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.6. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED IN OTHER LITIGATION

8.1. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this Section is to alert the interested parties to the existence of this Order and to give the Designating Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

8.1.1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8.1.2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

8.1.3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information

1   designated in this action as "CONFIDENTIAL" before a determination by the court
2   from which the subpoena or order issued, unless the Party has obtained the
3   Designating Party's permission or the Court so orders. The Designating Party shall
4   bear the burden and expense of seeking protection in that court of its confidential
5   material – and nothing in these provisions should be construed as authorizing or
6   encouraging a Receiving Party in this action to disobey a lawful directive from
7   another court.

8   **9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
10  Protected Material to any person or in any circumstance not authorized under this
11  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
12  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
13  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
14  persons to whom unauthorized disclosures were made of all the terms of this Order,
15  and (d) request such person or persons to execute the "Acknowledgment and
16  Agreement to Be Bound" form (Exhibit A attached hereto);

17  **10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
18        **PROTECTED MATERIAL**

19      When a Producing Party gives notice to Receiving Parties that certain
20  inadvertently produced material is subject to a claim of privilege or other protection,
21  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
22  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
23  may be established in an e-discovery order that provides for production without
24  prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar
25  as the parties reach an agreement on the effect of disclosure of a communication or
26  information covered by the attorney-client privilege or work product protection, the
27  parties may incorporate their agreement in the stipulated protective order submitted

28

9

1  to the Court.  No such addition will have the force or effect of a court order,

2  however, without the court's prior approval.

3  / / /

4  **11.    MISCELLANEOUS**

5     11.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

6  person to seek its modification by the Court in the future.

7     11.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

8  Protective Order no Party waives any right it otherwise would have to object to

9  disclosing or producing any information or item on any ground not addressed in this

10  Stipulated Protective Order. Similarly, no Party waives any right to object on any

11  ground to use in evidence any of the material covered by this Protective Order.

12     11.3.  <u>Filing Protected Material</u>. A Party seeking to file under seal any

13  Protected Material must comply with L.R. 79-5.

14  **12.    FINAL DISPOSITION**

15     Within 60 days after the final disposition of this action, as defined in

16  paragraph 4, each Receiving Party must return all Protected Material to the

17  Producing Party or destroy such material. As used in this subdivision, "all Protected

18  Material" includes all copies, abstracts, compilations, summaries, and any other

19  format reproducing or capturing any of the Protected Material. Whether the

20  Protected Material is returned or destroyed, the Receiving Party must submit a

21  written certification to the Producing Party (and, if not the same person or entity, to

22  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

23  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

24  that the Receiving Party has not retained any copies, abstracts, compilations,

25  summaries or any other format reproducing or capturing any of the Protected

26  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

27  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

28  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

1  work product, and consultant and expert work product, even if such materials
2  contain Protected Material. Any such archival copies that contain or constitute
3  Protected Material remain subject to this Protective Order as set forth in Section 4
4  (DURATION).

5

6  **IT IS SO STIPULATED, AND RESPECTFULLY SUBMITTED, BY AND**
7  **THROUGH COUNSEL OF RECORD:**

8

9  Dated: January 27, 2016                     MEITUS GELBERT ROSE LLP
                                                ROBERT S. MEITUS
10
                                     By: _/s/ Robert S. Meitus_
11                                        Attorneys in Pro Hac Vice for Plaintiff,
                                          Woolfsongs Limited
12
13  Dated: January 27, 2016                     ZUBER LAWLER & DEL DUCA LLP
                                                A. JAMES BOYAJIAN
14
                                     By: _/s/ A. James Boyajian_
15                                        Attorneys for Plaintiff,
                                          Woolfsongs Limited
16
17  Dated: January 27, 2016                     McPHERSON RANE LLP
                                                EDWIN F. MCPHERSON
18                                              TRACY B. RANE
19                                   By: _/s/ Tracy B. Rane_
                                          Attorneys for Defendants,
20                                        Shady Records, Inc., Slaughterhouse,
                                          LLC, Joe Budden, Ryan D. Montgomery,
21                                        Dominick Wickliffe, and Joell Ortiz
22
23  Dated: January 27, 2016                     BORDIN MARTORELL LLP
                                                EDUARDO MARTORELL
24                                              BRYAN SWAIM
25                                   By: _/s/ Eduardo Martorell_
                                          Attorneys for Defendants, Michael
26  **SO ORDERED:**                             Williams and Deion Howerton

27

28

Dated: February 1. 2016      HONORABLE JEAN P. ROSENBLUTH

By:_____
MAGISTRATE JUDGE OF THE U.S. DISTRICT COURT

**EXHIBIT A**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of

_____ [print or type

full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court

for the Central District of California on _____ [date] in the case of

*Woolfsongs Limited v. Slaughterhouse, et al.*, Case No. 2:15-cv-03049 TJH-JPRx.  I

agree to comply with and to be bound by all the terms of this Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment for contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Protective Order to any person

or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing this Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Order.


Date: _____


City and State where sworn and signed: _____


Signature: _____

2123-1002 / 447124.1

STIPULATED PROTECTIVE ORDER

1    <u>**CERTIFICATE OF SERVICE**</u>

2          I hereby certify that on January 28, 2016, I electronically filed the foregoing

3    **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court by the CM/ECF system. I

4    certify that said document(s) were served by means of this Court's electronic transmission of the

5    Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel

6    who are registered CM/ECF Users set forth in the service list obtained from this Court.

7          I declare under penalty of perjury under the laws of the State of California that the

8    foregoing is true and correct.

9

10                                             /s/ Yvonne Shawver

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2123-1002 / 447124.2